IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01792-CNS-STV

BERNARD JONES,

 Plaintiff,

v.

YVETTE BROWN and
KRISTI MOORE,

 Defendants.

---

# ORDER

---

Before the Court is Defendant Yvette Brown's Objection (ECF No. 126) to the United States Magistrate Judge's Recommendation (ECF No. 123) regarding Defendant Brown's Partial Motion to Dismiss the Amended Complaint (ECF No. 93). For the reasons set forth below, the Objection is OVERRULED. The Magistrate Judge's Recommendation is AFFIRMED and ADOPTED. Accordingly, the Motion to Dismiss is DENIED.

## I. BACKGROUND

The parties are familiar with the Amended Complaint's allegations and the case's procedural history.[1] On December 2, 2022, the Magistrate Judge recommended denying the dismissal motion (*See* ECF No. 123). Defendant Brown filed her Objection to the Magistrate

---

[1] The Court incorporates the Magistrate Judge's summary of the Amended Complaint's allegations into its Order.

Judge's Recommendation on December 30, 2022 (ECF No. 126). Plaintiff Bernard Jones, appearing pro se, filed no Response.

## II. STANDARD OF REVIEW AND LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v.*

2

*Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III. ANALYSIS

Having reviewed the Amended Complaint, the Motion to Dismiss, related briefing, the Magistrate Judge's Recommendation, the Objection, and relevant legal authority, the Court overrules the Objection.

First, contrary to Defendant Brown's contention, the documents attached to the Amended Complaint do not "undermine the Magistrate Judge's conclusion that [Mr.] Jones's access to the law library was inadequate" (ECF No. 126 at 3). For instance, documents that purportedly "undermine" the Magistrate Judge's conclusion simply contain grievances that Defendant Brown was not providing Mr. Jones with adequate access to the law library and provide a summary of instances when Mr. Jones accessed the law library (*See, e.g.*, ECF No. 88 at 34-37). And others identified by Defendant Brown, such as Administrative Regulation 750-01, do not "contradict" the well-pleaded factual allegations that the Magistrate Judge determined supported Mr. Jones's denial of access claim (*See, e.g.,* ECF No. 123 at 8-10). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (citations omitted). These documents do not

disturb the Magistrate Judge's conclusion that dismissal of Mr. Jones's denial of access claim is inappropriate for the reasons set forth in his Recommendation (*See generally* ECF No. 123).

Second, the Court disagrees with Defendant Brown that the alleged closure of the law library on the two days prior to Mr. Jones's filing deadline "does not establish that Defendant Brown denied him meaningful access to courts" (ECF No. 126 at 4). Engaging in de novo review of the Magistrate Judge's Recommendation, the Court agrees with the Magistrate Judge that, reading the Amended Complaint in its entirety—including allegations regarding Defendant Brown's closure of the law library—Mr. Jones has adequately alleged a denial of access claim (*See* ECF No. 123 at 8-9). *See also* Fed. R. Civ. P. 72(b)(3); *Chilcoat*, 41 F.4th at 1207. The Court rejects Defendant Brown's similar argument that the Amended Complaint "does not indicate" that Mr. Jones's "legal access at FCF was deficient" (ECF No. 126 at 6). Defendant Brown's contention that Mr. Jones was "conferred the constitutionally required capability of bringing challenges before the courts" fails to persuade that the Magistrate Judge erred in concluding that Mr. Jones's allegations that Defendant Brown "closed the law library early the day before [his] petition was due and did not open it until after the filing deadline had passed" adequately alleged a denial of access claim (ECF Nos. 126 at 8, 123 at 8-9).[2]

Fundamentally, Defendant Brown invites the Court to draw inferences against Mr. Jones at the motion to dismiss stage—for instance, that an allegation that Mr. Jones "should not use the computers" in the law library is "necessarily premised on an assumption that other means to prepare his petition were available" (ECF No. 126 at 7; *see also id.* at 9). The Court declines

---

[2] The Court rejects Defendant Brown's argument that the Amended Complaint "does not indicate" that she "caused [Mr. Jones] to miss his filing deadline" for the same reasons (ECF No. 126 at 10).

Defendant Brown's invitation. *Cf. Mayfield*, 826 F.3d at 1255 ("In reviewing a motion to dismiss, [courts] accept the facts alleged in the complaint as true and view them in the light *most favorable* to the plaintiff." (citation omitted) (emphasis added)). Discussed above, Defendant Brown's arguments that the Magistrate Judge erred in recommending denial of her dismissal motion are unavailing.

## IV. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Defendant Brown's Objection to the United States Magistrate Judge's Recommendation (ECF No. 126).[3] The Magistrate Judge's Recommendation is AFFIRMED and ADOPTED as an Order of this Court. Accordingly, the Partial Motion to Dismiss (ECF No. 93) is DENIED.

DATED this 16th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[3] Defendant Brown's Objection is eleven pages long (*See* ECF No. 126). Pursuant to this Court's Practice Standards, Objections to the Recommendations of United States Magistrate Judges are limited to ten pages. *See* Civ. Practice Standard 72.3(c). Therefore, Defendant Brown's overlong Objection violated this Court's Practice Standards, and for this reason, the Court disregarded the eleventh page of her Objection in its analysis.