IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01792-CNS-STV

BERNARD JONES,

    Plaintiff,

v.

YVETTE BROWN and
KRISTI MOORE,

    Defendants.

---

# ORDER

---

This is a three-year-old 42 U.S.C. § 1983 lawsuit in which Mr. Jones alleges that Defendants, employees of the Colorado Department of Corrections (CDOC), denied him access to courts when they refused to open the law library on May 16, 2019, and allow him to print and submit his petition for writ of certiorari, and then retaliated against him by transferring him from a public CDOC facility to a private facility because he complained. *See* ECF No. 206 (order denying competing motions for summary judgment) at 1–7.

Mr. Jones filed this lawsuit on June 30, 2021. ECF No. 1. He filed claims against Yvette Brown, the law librarian who refused to open the library or provide alternate access on May 16, 2019, alleging denial of access to the courts and retaliation. *See id.* Mr. Jones also asserts claims of retaliation against Kristi Moore, the CDOC staff member who initiated his transfer after Mr. Jones made complaints. *See id.*

1

The parties filed competing summary judgment motions on all claims. ECF Nos. 185, 187. The Court denied both claims on October 8, 2024.[1] *Id.* Of relevance, Defendants made a shockingly weak attempt at arguing that they are entitled to qualified immunity on both counts. The Court observed that Defendants spent *one sentence* on the access-to-courts claim, arguing that, "[b]ecause, as detailed above, Jones cannot satisfy the elements necessary to establish his denial of access to courts and retaliation claims against Brown and Moore, Defendants are entitled to qualified immunity." ECF No. 206 at 13–14 (quoting ECF No. 187 at 27). The Court did not agree. Similarly, Defendants argued that the "undisputed material facts show that [Ms. Moore] was not aware of Jones's grievances against Brown or the alleged bases of his grievances" and thus she could not have retaliated against him. *Id.* at 14 (quoting ECF No. 187 at 28). But the Court found that this purported undisputed fact was (and still is), in fact, disputed—making summary judgment unwarranted. *Id.*

On November 7, 2024, Defendants filed an interlocutory appeal arguing that they are entitled to qualified immunity. ECF No. 221. Mr. Jones now asks this Court to certify Defendants' interlocutory appeal as frivolous. ECF No. 226. Defendants oppose. ECF No. 235. Defendants then moved to vacate the May trial date and stay the proceedings pending resolution of their interlocutory appeal. ECF No. 233.

Having reviewed the pending motions, responses, and replies, the Court makes the following rulings:

---

[1] The Court granted summary judgment in Defendants' favor on Plaintiff's claims for prospective relief because Plaintiff conceded that prospective relief was not viable. ECF No. 206 at 1 n.1. But the Court denied Defendants' motion as to all other claims. *Id.*

Given the weakness of Defendants' arguments for qualified immunity at the summary judgment stage, the Court doubts their likelihood of success on appeal. Despite this doubt, the Court nevertheless declines to certify Defendants' appeal as frivolous. A couple factors inform the Court's analysis.

First, qualified immunity is an issue that should be definitively resolved before proceeding to trial. Second, as Judge Kane observed in denying a similar motion, the Court does "not wish to foment the chaos that ensues when two courts assert jurisdiction over a case at the same time." *Clifton v. Eubank,* No. CIV. 00-K-2555, 2007 WL 465621, at *1 (D. Colo. Feb. 8, 2007).

Take, for example, *Surat v. Klamser*, a case Plaintiff cites in support of his motion. ECF No. 7. In *Surat*, the district court certified as frivolous a Fort Collins police officer's interlocutory appeal of an order denying qualified immunity for the officer's excessive force claim. No. 19-CV- 0901-WJM-NRN, 2021 WL 3931225, at *2–3 (D. Colo. Sept. 2, 2021) ("Klamser's interlocutory appeal is a thinly-veiled and poorly reasoned attempt to thwart the Court's clear determination that disputed issues of fact preclude a grant of summary judgment in his favor."). But on appeal, the Tenth Circuit reversed the district court's denial of Officer Klamser's motion for summary judgment. *Surat v. Klamser*, 52 F.4th 1261, 1280 (10th Cir. 2022).[2]

---

[2] Mr. Jones argues that the "district court in *Surat* certified the appeal as frivolous and a jury trial was held." ECF No. 236 at 4 n.2. The former is true but the latter is not. The district court in *Surat* later vacated the trial and stayed the proceedings even though it had certified the appeal as frivolous. See *Surat v. Klamser*, No. 19-CV-0901-WJM-NRN, 2022 WL 2904706, at *1 (D. Colo. July 22, 2022). The district court explained that the trial was set to begin on September 12, 2022, but the Tenth Circuit issued an order setting Officer Klamser's appeal for an oral argument on September 28, 2022. *Id.* "Given the close temporal proximity between the oral argument before the Tenth Circuit and the impending trial date before this Court," the district court vacated the trial and stayed the matter pending the Tenth Circuit's ruling on appeal. *Id.*

*Surat* underscores the risk of this approach: the case could have proceeded to trial, only for the Tenth Circuit to later determine that Officer Klamser was immune from suit. The same is true here.

It is Mr. Jones's burden of showing an appeal is frivolous. *Stewart v. Donges*, 915 F.2d 572, 580 (10th Cir. 1990). To meet this high bar, the "qualified immunity analysis must be so obvious, or the arguments of error wholly without merit, or the appeal must be deemed to have been taken with the intent, as distinguished from the effect, of disrupting and delaying the normal processes of the trial court." *Clifton,* 2007 WL 465621, at *1 (opining that, "[u]nder this standard, such a certification must be rare" (citing *Stewart*, 915 F.2d at 572)). Mr. Jones has not made this showing.

From a practical standpoint, this case has been pending for far too long. It has been assigned to three separate judicial officers, and the parties have filed extensive dispositive motions. Mr. Jones, moreover, is set to file his answer brief in the interlocutory appeal on April 4, 2025. *See* ECF No. 243 (joint status report). Thus, there is little chance that the Tenth Circuit will decide the appeal prior to the May 19, 2025 trial date. The Court believes that the most efficient way to proceed is to allow Defendants' appeal to reach its

---

Mr. Jones also correctly states that the "Tenth Circuit later reversed the ruling on qualified immunity and held the defendant was immune," but he argues that the "Tenth Circuit had jurisdiction and the trial did not need to be delayed." ECF No. 236 at 4 n.2. The Court does not follow the logic of this argument. True, in some narrow circumstances a district court can regain jurisdiction while an appeal is pending. *See Stewart*, 915 F.2d at 577–78 ("Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed. To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial."). But as explained above, *Surat* highlights the risk of proceeding to trial while an interlocutory appeal remains pending.

4

conclusion, and if the Tenth Circuit agrees that Defendants are not entitled to qualified immunity, the Court will set a trial posthaste.

* * *

The Court DENIES Plaintiff's motion to certify Defendants' interlocutory appeal as frivolous. ECF No. 226. The jury trial and trial preparation conference are vacated. If the Tenth Circuit rejects Defendants' qualified immunity defense, the parties shall contact the Court within three days of the issuance of a mandate to reset the trial and trial preparation conference. The Court will not entertain any additional delays absent good cause. Defendants' motion to stay proceedings is DENIED as MOOT. ECF No. 233.

DATED this 19th day of March 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge